UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| JAMES PALACINO, | C.A. No. 1:14-cv-10418-PBS |
| Plaintiff, | |
| v. | |
| TOWN OF PROVINCETOWN, | |
| SERGEANT THOMAS KOUMANELIS, | |
| Defendant. | |

**DEFENDANT TOWN OF PROVINCETOWN'S
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Now come the Defendant, Town of Provincetown (hereinafter, "Defendant Town"), in the above-entitled matter and respectfully submit its Memorandum in Support of its Motion for Summary Judgment.

**I.   STATEMENT OF THE CASE**

This Complaint was originally filed on February 2, 2014 in United States District Court and arose out of an argument between two friends—one of whom happened to be employed as a Sergeant by the Provincetown Police Department. (*Docket #1*). On April 10, 2013, co-defendant Koumanelis was off-duty and texting and/or Facebook messaging his personal friend, James Palacino when the conversation turned into an exchange over local politics.

The Complaint asserts a total of three Counts against the two Defendants. The first count asserts a violation of the First Amendment pursuant to the Federal Statute, 42 USC § 1983, against Defendant Koumanelis. The second count asserts a violation of Massachusetts civil rights act: M.G.L. c. 12, §11I against Defendant Koumanelis. The third and final count alleges civil rights violations pursuant to the Federal Statute, 42 USC § 1983, against the Defendant Town.

1

The Defendant Town answered the Complaint denied all allegations asserted against it. (*Docket #11*).

For the reasons expressed below, the Defendant Town now moves for summary judgment on the one count asserted against it as are there are no disputed material facts and it is entitled to judgment as a matter of law.

## II.  STANDARD OF REVIEW

The purpose of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." McGrath v. Tavares, 889 F. Supp. 2d 157, 162 (D. Mass.2012) (internal quotation marks and citation omitted). Summary judgment is appropriate if "any pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the plaintiff has the burden of proof, the Defendants are entitled to summary judgment on any claim for which it demonstrates either that plaintiff has no reasonable expectation of proving an essential element of that claim, or by submitting affirmative evidence negating an element of the claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1987); Fireman's Fund Ins. Co. v. Harley Realty Co., 24 F.Supp.2d 117, 118 (D.Mass. 1998).

To defeat this motion, the plaintiff cannot state mere conclusions or rely only on the allegations contained in the Complaint; the Supreme Court has stated that "[T]he mere existence of a scintilla of evidence in support of the plaintiff's opposition will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

## III.  STATEMENT OF THE FACTS

The Defendant Town hereby adopts its Statement of Undisputed Material Facts

(hereinafter, "Defendant Town's Facts") and rely upon the accompanying exhibits, which have been filed conterminously with this Memorandum, pursuant to Local Rule 56(b).

IV.   ARGUMENT

   A. **<u>Defendant Koumanelis Was Not Acting Under Color Of Law During His Interactions With Plaintiff And So, The Claim Against The Town Must Fail.</u>**

There are two essential elements of an action under section 1983: "(i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." <u>Chongris v. Board of Appeals</u>, 811 F.2d 36, 40 (1st Cir.), *cert. denied*, 483 U.S. 1021 (1987); *accord* <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986). <u>Martinez v. Colon</u>, 54 F.3d 980 (1st Cir. P.R. 1995). To determine whether an officer was engaged in personal pursuits or acting under the color of state law, the Court must assess the officer's conduct in light of the totality of the circumstances. <u>Martínez v. Colón</u>, 54 F.3d 980, 987 (1st Cir. 1995). "The key determinant is whether the actor, at the time in question, purports to act in an official capacity or to exercise official responsibilities pursuant to state law." <u>Id.</u> at 986 (citing <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988); *see also* <u>Parrilla-Burgos v. Hernández-Rivera</u>, 108 F.3d 445, 449 (1st Cir. 1997) (holding that a court may consider several "not necessarily determinative" factors such as "an officer's duty status, including the existence of a regulation providing that officers are on duty twenty-four hours a day; [and] the officer's use of a service revolver.") <u>Burgos v. Fontánez-Torres</u>, 951 F. Supp. 2d 242, 252 (D.P.R. 2013)).

Plaintiff's section 1983 claim against the Town of Provincetown fails at that first essential element: the conduct of the individual actor complained of was not committed under color of state law. On April 10, 2013, Defendant Koumanelis was sitting at a bar and texting a friend about something he viewed on that friend's private Facebook page. Defendant Town's

3

Facts, ¶ 7-8. Defendant Koumanelis was not on-duty; he was in civilian clothes and was drinking Bud Light beer. Defendant Town's Facts, ¶ 8-9. The phone Defendant Koumanelis used was his own personal cellular phone. Defendant Town's Facts, ¶ 12. Defendant Koumanelis was motivated to text his friend purely because of their friendship. Defendant Town's Facts, ¶ 7, 14. Further to that point, Plaintiff and Defendant Koumanelis were very close friends who socialized often and travelled together; they had met years before at a bar in Provincetown. Defendant Town's Facts, ¶ 1-4. Defendant Koumanelis did not contact a stranger or a casual acquaintance regarding Town politics—he reached out to his very close friend to share his personal opinion, while drinking off-duty with another friend.

Plaintiff has failed to establish any evidence that indicates that Defendant Koumanelis was acting under color of state law during his interaction with Plaintiff; thus, Count III against the Town of Provincetown should be dismissed.

### B. **Plaintiff's 42 U.S.C. § 1983 Claim Against the Town of Provincetown (Count III) Fails as a Matter of Law.**

In order to establish municipal liability under § 1983, Plaintiff first must prove that: 1) he was deprived of a constitutional right; 2) the City had a policy, custom or practice in place; 3) this custom, policy, or practice was such that it demonstrated a deliberate indifference to the plaintiff's constitutional rights; and 4) the custom, policy or practice was the moving force behind the plaintiff's constitutional deprivation. Monell v. Department Social Services, 436 U.S. 658, 690 (1978); Young v. City of Providence, 404 F.3d 4, 25-26 (1st Cir. 2005). Under § 1983, it is well established that a municipality is not liable for the actions of its employees simply by virtue of the employment relationship. Monell at 691. Instead, a plaintiff seeking to prove municipal liability under § 1983 must identify a municipal policy or custom that caused the plaintiff's injury. City of Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985); Young at 25. As

argues in section A above, Plaintiff has failed to prove he was deprived of a constitutional right or identify either an official policy of the Town of Provincetown or an unofficial but wide-spread custom or practice of discrimination. Thus, Plaintiff's allegation of a § 1983 violation must be dismissed.

1. Plaintiff Has Failed To Prove He Was Deprived Of His First Amendment Rights.

In order to prove that first prong in establishing liability against the Town, Plaintiff must prove his First Amendment rights were violated. The First Circuit has indicated that in a First Amendment retaliation claim plaintiff must allege that his speech "was in fact chilled or intimidated" by the defendant's complained-of action. Sullivan v. Carrick, 888 F.2d 1, 4 (1st Cir. 1989). A mere allegation of harm is not enough. Id. "Where a chilling effect is speculative, indirect or too remote, finding an abridgment of First Amendment rights is unfounded." Bloomquist v. Albee, 421 F. Supp. 2d 162 (D. Me. 2006), *citing* United States v. Harriss, 347 U.S. 612, 626 (1954).

Plaintiff has merely suggested he was harmed by Defendant Koumanelis, and has offered no substantive proof his speech was chilled or intimidated. Plaintiff alleges two harms stemmed from his text communication with Defendant Koumanelis: his text message/Facebook message exchange with Defendant Koumanelis about his support of certain candidates in the upcoming election and Plaintiff's decision "to not come back to vote" in the upcoming election. Defendant Town's Facts, ¶ 16. The two lawn signs on his property that Plaintiff alleges prompted Defendant Koumanelis' comments to him remained on the property until after the election was over. Defendant Town's Facts, ¶ 24. Further, Plaintiff did return to Provincetown in enough time to register to vote in the May 12, 2013 election. Defendant Town's Facts, ¶ 19-20. Plaintiff returned from his home in New Jersey on or about April 17 or 18, 2013. Defendant Town's

5

Facts, ¶ 17-19.  The deadline to register in the Board of Selectman election was May 7, 2013 for the May 12, 2013 elections.  Defendant Town's Facts, ¶ 20.  Plaintiff was in Town for the deadline and election—he waited in the car while his partner cast his vote in the election.  Defendant Town's Fact, ¶ 23.  Thus of the two incidents Plaintiff alleges where his speech was "chilled or intimidated" by Defendant Koumanelis, neither allegation proved to be accurate.  As stated above, Plaintiff kept the signs for the local election displayed until after the election was over.  Further, Plaintiff did return to the Town in time to register for the election and there was no impediment to registering and voting other than his own inaction.

Plaintiff has failed to prove his constitutional rights were violated and so, Count III against the Town of Provincetown should be dismissed.

2. <u>Plaintiff Has Failed to Prove That a Custom and/or Policy of Violating Citizen's First Amendment Rights Existed in the Town of Provincetown.</u>

A § 1983 claim against the a city based on a theory of  municipal policy is viable *only* "where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  <u>Monell</u>, 436 U.S. at 690.  "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Id. at 691.  "The governmental policy must be so tied to the challenged acts that it can be said to be the moving force of the constitutional violation." <u>Bibbo v. Mulhern</u>, 621 F.Supp. 1018, 1027 (D.Mass. 1985).

In addition to "official" policies, a plaintiff may also point to a municipality's custom or practice that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law."  <u>Monell</u>, 436 U.S. 690 at 691. The duration and frequency of the custom or practice must be so well-settled and widespread that policymaking officials of the municipality can be

said to have actual or constructive knowledge of the practice. Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989). Therefore, in order to support a § 1983 claim against the Town based on the theory of unlawful municipal custom or practice, the plaintiff must, among other things, show that the Town had a well-settled and widespread practice of violating citizen's First Amendment rights.

Plaintiff has failed to identify a single official policy of the Town of Provincetown that has deprived him of a constitutional right, failing to meet the first step of the stringent test for proving a § 1983 claim based on municipal policy. Moreover, Plaintiff has haphazardly alleged that there was a custom of violating First Amendment rights of the citizens, but failed to delineate any instances other than this instant matter. While at very specific times complaints might be appropriate evidence, "evidence of citizen complaints against an officer, without more, does not suffice to show a municipal custom..." Trinidad v. City of Boston, No. 07–11679–DPW, 2010 WL 2817186, at *11 (D.Mass. July 16, 2010). In order to succeed in proving a custom or policy, "a plaintiff must, at the very least, produce evidence that serious prior incidents similar to the alleged constitutional violation in question put the municipality on inquiry notice of an officer's danger to the public and that the police department's policy of ignoring or covering up those incidents was "the moving force" behind the alleged violation. Eason v. Alexis, 824 F. Supp. 2d 236, 246 (D. Mass. 2011); *see also* Young v. City of Providence, 404 F.3d 4, 25–28 (1st Cir.2005).

In the instant case, Plaintiff does not substantiate any of the allegations made in the Complaint about "complaints by citizens" that the Police Chief (not a party to this action) violated First Amendment rights of the citizens of the Town. In order to at least suggest there existed a custom based on these alleged complaints, they would all have to be alleging the same

7

custom. Further, Plaintiff has made no effort to offer any proof as to the veracity of their allegations. This is deficient, as many of the alleged citizen complaints could have been dismissed or withdrawn, much less having been found to be true.

Plaintiff has failed to establish that there was a policy or custom attributable to the Town and that that the municipal policy or custom actually have caused plaintiff's injury; Count III against the Town of Provincetown should be dismissed.

## V. CONCLUSION

For all the reasons expressed above, the Defendant Town moves this Honorable Court to allow its Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56(c), as there are no disputed material facts and it is entitled to judgment as a matter of law

Respectfully submitted,
DEFENDANT,
TOWN OF PROVINCETOWN,
By its attorney:

*/s/ Chantelle M. D'Angelo*

_____
Douglas I. Louison (BBO #545191)
Email: Dlouison@lccplaw.com
Chantelle M. D'Angelo (BBO #688165)
Email: Cdangelo@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
617-439-0305
FAX: 617-439-0325

Date: October 8, 2015

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below:

Jessica D. Hedges, Esq.
Michael Tumposky, Esq.
Hedges & Tumposky LLP
15 Broad Street, Suite 240
Boston, MA 02109
*for James Palacino*

Michael V. Caplette, Esq.
Jennie L. Caissie, Esq.
Three Bowlen Avenue
Southbridge MA 01550
*for Sergeant Thomas Koumanelis*

                            */s/ Chantelle M. D'Angelo*

Date: <u>October 8, 2015</u>

                            Chantelle M. D'Angelo

14-TRI-021