UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES PALACINO,**<br>            **Plaintiff,**<br><br>v.<br><br>**TOWN OF PROVINCETOWN,**<br>**SERGEANT THOMAS KOUMANELIS,**<br>            **Defendant.** | C.A. No. 1:14-cv-10418-PBS |

**DEFENDANT TOWN OF PROVINCETOWN'S
STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

1.      Plaintiff, James Palacino (hereinafter, "Plaintiff"), met Sergeant Thomas Koumanelis, (hereinafter, "Defendant Koumanelis"), at a bar in Provincetown sometime in 2009.  (Exhibit A, Deposition of James Palacino, p. 28, l. 5; p. 28, l. 22).

2.      Up until April 10, 2013, Plaintiff and Defendant Koumanelis had a very good, social friendship.  (Exhibit B, Deposition of Thomas Koumanelis, p.85, l. 3-6).

3.      In fact, Plaintiff and Defendant Koumanelis were close—they socialized frequently and traveled together multiple times to Montreal.  (Exhibit A, Deposition of James Palacino, p. 29, l. 16-21).

4.      Plaintiff and Defendant Koumanelis were so close, Plaintiff referred to Defendant Koumanelis as his "brother".  (Exhibit A, Deposition of James Palacino, p. 31, l. 23).

5.      On or around early April 2013, Plaintiff and his partner (not a party to this lawsuit) displayed two lawn signs in their yard supporting two candidates for Selectman.  (Exhibit A, Deposition of James Palacino, p. 43, l. 6-8).

6. On April 10, 2013, the Plaintiff began to receive a series of text messages and messages via Facebook from Defendant Koumanelis. (Exhibit C).

7. Defendant Koumanelis texted Plaintiff about his support of a specific candidate after Plaintiff posted something about a particular candidate on his personal Facebook page. (Exhibit B, Deposition of Thomas Koumanelis, p. 94, l. 19-21).

8. During the texting/Facebook messaging on April 10, 2013, Defendant Koumanelis was drinking Bud Light at a bar located in Provincetown called the Hot L. (Exhibit B, Deposition of Thomas Koumanelis, p. 89, l. 4-17).

9. Defendant Koumanelis was off-duty during the text message/Facebook exchange with Plaintiff. Plaintiff knew Defendant Koumanlis to be off-duty. (Exhibit A, Deposition of James Palacino, p. 121, l. 3).

10. Towards the end of that conversation, Defendant Koumanelis forwarded messages allegedly from the then Chief of Police's girlfriend, Kim Hurd. (Exhibit C).

11. Ms. Hurd—the Chief of Police's girlfriend—was not a Town Employee. (Exhibit A, Deposition of James Palacino, p. 122, l. 15-17).

12. Plaintiff knew he was communicating to Defendant Koumanelis on his personal cell phone—not a departmental issued one. (Exhibit A, Deposition of James Palacino, p. 121, l. 8-14).

13. The Plaintiff—Defendant Koumanelis' close, personal friend—was the only person Defendant Koumanelis contacted about the candidates. (Exhibit B, Deposition of Thomas Koumanelis, p. 95, l. 8-12).

14. Defendant Koumanelis texted Plaintiff about his support of a specific candidate because of their personal friendship. (Exhibit B, Deposition of Thomas Koumanelis, p. 94, l. 19-21).

15. The communication with his close friend so upset the Plaintiff he requested an apology from the Town Manager. (Exhibit A, Deposition of James Palacino, p. 79, l. 21-22).

16. Plaintiff alleges two incidents where the Defendants interfered with his First Amendment Rights: Plaintiff's text message/Facebook message exchange with Defendant Koumanelis about his support of certain candidates in the upcoming election and Plaintiff's decision "to not come back to vote" in the upcoming election. (Exhibit A, Deposition of James Palacino, p. 123, l. 14-19; p. 124, l. 1-6).

17. Plaintiff went "home"—to his residence in New Jersey—for one week after April 10, 2013. (Exhibit A, Deposition of James Palacino, p. 97, l. 12-23).

18. In April 2013, Plaintiff was splitting his time between his residence in New Jersey and home in Provincetown. (Exhibit A, Deposition of James Palacino, p. 117, l. 6-9).

19. Plaintiff returned to Provincetown on or about April 17 or 18, 2013. (Exhibit A, Deposition of James Palacino, p. 124, l. 14-16).

20. The deadline to register in the Board of Selectman election was May 7, 2013 for the May 12, 2013 elections. (Exhibit A, Deposition of James Palacino, p. 110, l. 2-5).

21. Plaintiff did not register to vote in the May 12, 2013 Board of Selectman election. (Exhibit A, Deposition of James Palacino, p. 109, l. 23).

22. His partner (not a party to this lawsuit) did register and did vote in the May 12, 2013 Board of Selectman election. (Exhibit A, Deposition of James Palacino, p. 126, l. 13-18).

23. Plaintiff waited in the car on election day, May, 12, 2013, while his partner voted. (Exhibit A, Deposition of James Palacino, p. 126, l. 19-23).

24. The two lawn signs that prompted Defendant Koumanelis' comments to the Plaintiff remained on the Plaintiff and his partner's property until after the election was over. (Exhibit A, Deposition of James Palacino, p. 127-129, l. 3-3).

                                        Respectfully submitted,
                                        DEFENDANT,
                                        TOWN OF PROVINCETOWN,
                                        By its attorney:

                                        */s/ Chantelle M. D'Angelo*
                                        _____
                                        Douglas I. Louison (BBO #545191)
                                        Email: Dlouison@lccplaw.com
                                        Chantelle M. D'Angelo (BBO #688165)
                                        Email: Cdangelo@lccplaw.com
                                        Louison, Costello, Condon & Pfaff, LLP
                                        101 Summer Street
                                        Boston, MA  02110
                                        617-439-0305
                                        FAX: 617-439-0325

Date: October  8, 2015

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below:

Jessica D. Hedges, Esq.
Michael Tumposky, Esq.
Hedges & Tumposky LLP
15 Broad Street, Suite 240
Boston, MA  02109
*for James Palacino*

Michael V. Caplette, Esq.
Jennie L. Caissie, Esq.
Three Bowlen Avenue
Southbridge MA 01550
*for Sergeant Thomas Koumanelis*

            */s/ Chantelle M. D'Angelo*

Date: <u>October 8, 2015</u>

            Chantelle M. D'Angelo

14-TRI-021